**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>KNH Aviation Services, Inc. d/b/a AvCraft Technical Services,<br><br>                        Debtor. | C/A No. 15-01641-DD<br><br>Adv. Pro. No. 15-80170-DD<br><br>Chapter 7<br><br>**Order Denying Motion to Dismiss** |
| Michelle Vieira, chapter 7 trustee for KNH Aviation Services, Inc. d/b/a AvCraft Technical Services,<br><br>                        Plaintiff,<br><br>v.<br><br>Michael Hill, Donald Kamenz, Derek Nice, Carol Drew, and Jesper Lundberg,<br><br>                        Defendants. | |

This matter is before the Court on a Partial Motion to Dismiss Plaintiff's Amended Complaint filed by defendants Michael Hill, Donald Kamenz, Derek Nice, Carol Drew, and Jesper Lundberg (collectively, "Defendants") on February 1, 2016 [Docket Nos. 31, 32]. Plaintiff Michelle Vieira ("Plaintiff") filed an objection to the Motion to Dismiss on March 11, 2016 [Docket No. 38]. A hearing was held on March 22, 2016. At the hearing, the Court gave the parties ten (10) additional days to prepare and file supplemental memoranda. Both parties filed a supplemental memorandum on April 1, 2016 [Docket Nos. 40, 41]. After consideration of the pleadings and the arguments of the parties made at the March 22 hearing, for the reasons set forth below, Defendants' Motion to Dismiss is denied.

**FACTS AND PROCEDURAL HISTORY**

KNH Aviation Services, Inc. ("Debtor") began operations as a maintenance, repair, and overhaul aviation company in or around September 2010, when it acquired the assets of a

1

predecessor company. Defendants Hill, Kamenz, Drew, and Nice were officers and directors of Debtor beginning in September 2010. Lundberg became a director of Debtor in February 2012. Debtor filed a chapter 7 bankruptcy case on March 24, 2015, and Plaintiff was appointed the chapter 7 trustee for Debtor's case on the same date. Plaintiff commenced this adversary proceeding on September 1, 2015, asserting eleven causes of action against defendants Hill, Kamenz, Nice, and Drew [Docket No. 1]. Plaintiff has twice amended her complaint, most recently, on January 18, 2016 [Docket No. 26]. The amended complaint adds Lundberg as a defendant and asserts fifteen causes of action against Defendants.[1]

Defendants' Motion to Dismiss seeks to dismiss the first, second and third causes of action asserted in Plaintiff's amended complaint. The first cause of action is for breach of fiduciary duties of care relating to the alleged undercapitalization and insolvency of Debtor, and the second and third causes of action are for breach of fiduciary duties of care by Hill, Kamenz, Drew, and Nice relating to sale and lease agreements entered into between Debtor and Sun Air of Scandinavia A/S ("Sun Air") on November 22, 2011. Defendants first assert that all three causes of action are time-barred. With respect to the first cause of action, Defendants argue that Plaintiff has alleged separate, wrongful acts by Defendants in each fiscal quarter, and therefore, any alleged breaches of fiduciary duty occurring prior to the relevant date for the statute of limitations are time-barred. With respect to the second and third causes of action, Defendants argue that the breach of fiduciary duty complained of by Plaintiff, consummation of the sale and lease agreements, occurred prior to the relevant date for the statute of limitations. Defendants argue that Plaintiff has not alleged adequate facts to establish that any tolling exception to the statute of limitations applies, and

---

[1] Plaintiff initially commenced three other related adversary proceedings against defendant Hill (Adv. No. 15-80178-dd), defendant Kamenz (Adv. No. 15-80179-dd), and defendant Lundberg (Adv. No. 15-80171-dd). Those proceedings were consolidated with this adversary proceeding on October 22, 2015 [Docket No. 14]. The amended complaint amends and consolidates the pleadings filed in those adversary proceedings.

therefore all three causes of action are time-barred. Finally, Defendants argue that the first cause of action fails to state a claim because Delaware law does not recognize a cause of action for breach of fiduciary duty based on failure to adequately capitalize a company.

Plaintiff's objection to the Motion to Dismiss responds that with respect to the first cause of action, the alleged breaches of fiduciary duty were continuing wrongful acts, occurring both prior to and after the relevant date, and therefore are not time-barred. To the extent they are, Plaintiff argues that the amended complaint adequately pleads the applicability of tolling exceptions to the statute of limitations. With respect to the second and third causes of action, Plaintiff does not dispute that the conduct complained of falls outside of the statute of limitations period, but argues that the amended complaint adequately pleads the applicability of tolling exceptions for both causes of action. Finally, Plaintiff argues that the first cause of action adequately states a claim for breach of fiduciary duty under Delaware law, because the alleged undercapitalization of Debtor is just one of many factors which, taken together, constitute breach of fiduciary duty.

## LEGAL STANDARD

Fed. R. Civ. Pro. 8(a)(2)[2] requires a pleading requesting relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A party may challenge the sufficiency of this pleading by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[3]. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[2] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7008.

[3] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012.

3

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## DISCUSSION

The parties agree that the relevant statute of limitations is under Delaware law. Claims involving fiduciary duties of corporate officers and directors are governed by the laws of the state of incorporation. *In re Infinity Bus. Grp., Inc.,* 497 B.R. 794, 804 (Bankr. D.S.C. 2013) (quoting *Menezes v. WL Ross & Co., LLC*, 392 S.C. 584, 709 S.E.2d 114, 117 (Ct. App. 2011)). Debtor is a Delaware corporation. Delaware's statute of limitations on claims asserting breach of fiduciary duty is three years beginning from the time of accrual of the cause of action. *See In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 560 (Bankr. D. Del. 2008). The parties also agree that the relevant date for purposes of this statute of limitations is March 24, 2012, three years prior to the filing of Debtor's bankruptcy petition.

### I. First Cause of Action

Defendants argue that the first cause of action in Plaintiff's amended complaint should be dismissed because any breach of fiduciary duty occurring prior to March 24, 2012 is time-barred, Plaintiff has not alleged any tolling exception applies, and because the cause of action lacks a legal basis under Delaware law. First, the Court notes that the amended complaint does not contain any allegations regarding a tolling exception for the first cause of action; therefore, if the statute of limitations has expired as to the first cause of action, it is time-barred. However, the first cause of action should not be dismissed at this stage in the proceeding because the amended complaint

4

adequately pleads that the conduct complained of was a continuing violation, which began prior to March 24, 2012, but continued after that date.

Under the continuing violation doctrine, which is well-established in the Third Circuit, "if a plaintiff is injured by a defendant's conduct which is part of a continuing course of conduct, an action does not violate the statute of limitations if the last act evidencing the continuing conduct falls within the limitations period." *Seidel v. Lee*, 1994 WL 913930, at *2 (D. Del. Oct. 14, 1994) (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1129 (3d Cir. 1988)); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)) ("'[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.'"). "The focus of the continuing violations doctrine is on affirmative acts of the defendants." *Cowell*, 263 F.3d at 293. Historically, in determining whether the defendant's conduct is "'more than the occurrence of isolated or sporadic acts,' . . . courts considered at least three factors: (1) subject matter-whether the violations constitute the same type of [conduct], tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent." *Cowell*, 263 F.3d at 292. However, the Third Circuit has recently held that the third requirement, the degree of permanency, should no longer be included in the analysis. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 166-67 (3d Cir. 2013).

The Third Circuit has previously discussed the application of the continuing violation doctrine in a variety of contexts.[4] *See Lincoln v. Magnum Land Servs., LLC*, 560 F. App'x 144 (3d Cir. Mar. 18, 2014) (appeal from Middle District of Pennsylvania; considering whether continuing violation doctrine applied for slander of title claim and finding that claim was time-barred because last "affirmative act" was outside of the statute of limitations period); *McCreary v. Redevelopment Auth. of City of Erie*, 427 F. App'x 211 (3d Cir. 2011) (appeal from Western District of Pennsylvania; discussing continuing violation doctrine in the context of section 1983 claims and finding that the plaintiff could not rely on the doctrine because the last act complained of did not occur within the relevant statute of limitations period); *Snyder v. United States*, 260 F. App'x 488 (3d Cir. 2008) (in action against IRS for damages relating to IRS's failure to release tax liens, rejecting application of continuing violation doctrine because the alleged conduct of the IRS constituted discrete acts falling outside the scope of the doctrine); *Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415 (3d Cir. 2005) (considering continuing violations doctrine in the context of a breach of fiduciary duty claim under the Perishable Agricultural Commodities Act of 1930 and finding that the doctrine did not apply because the plaintiffs were on notice of the breach of fiduciary duty at the time the act complained of, failure to pay for goods, occurred). The United States District Court for the District of Delaware has also considered the doctrine in an action for breaches of fiduciary duties. *Seidel*, 1994 WL 913930 (finding that complaint alleged a "number of discrete transactions, each of which by themselves may constitute a violation of the Investment Company Act" and that therefore, the continuing violation doctrine did not apply). These courts

---

[4] In declining to apply the continuing violation doctrine to a case under the Fair Debt Collection Practices Act, the Third Circuit stated, "Generally, our decisions have limited the continuing violation doctrine to the employment discrimination context." *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128 (3d Cir. 2009). However, the Third Circuit previously stated that while the continuing violations doctrine is most frequently applied in employment discrimination cases, "this has not precluded the application of the doctrine to other contexts." *Cowell*, 263 F.3d at 292. Further, it appears that the Third Circuit has discussed the application of the doctrine in other contexts, and Defendants have not argued that its application is limited only to employment discrimination cases.

have often refused to apply the doctrine, finding that either the acts complained of constituted individual, discrete acts or that the acts did not continue into the statute of limitations period.

After the March 22 hearing on Defendants' Motion to Dismiss, the Court gave the parties ten (10) additional days to brief their arguments regarding the applicability of the continuing violation doctrine. Both parties filed supplemental briefs on April 1, 2016 [Docket Nos. 40, 41]. Plaintiff argues in her brief that the continuing violation doctrine applies to the conduct complained of in the first cause of action because the acts complained of were an "ongoing and continuing violation of [Defendants'] duties which cannot be pinpointed to a specific date," and were the same both before and after the operative statute of limitations date. Thus, Plaintiff alleges that the first cause of action is not time-barred because the conduct was ongoing and continued after March 24, 2012. Defendants argue that the continuing violation doctrine is inapplicable in this case because Plaintiff's amended complaint alleges a number of discrete, individually actionable acts rather than a continuing course of conduct.

Without making any determinations as to whether the continuing violation doctrine actually should apply in this case, the Court finds that Plaintiff's amended complaint contains allegations that the conduct complained of was a pattern of ongoing, continuous conduct and therefore the first cause of action should not be dismissed at this stage in the proceeding. The amended complaint speaks in general terms of the alleged actions constituting a breach of fiduciary duty. It states that Defendants were "grossly negligent in failing to recommend that the owners properly capitalize the Debtor in late 2010 and in each fiscal quarter thereafter." [Amended Complaint, ¶ 147; see also ¶¶ 145, 146]. It also states that Defendants "failed to inform themselves, before making business decisions, of all material information reasonably available to them." [Amended Complaint, ¶ 148]. The amended complaint alleges a continued, ongoing pattern by

7

Defendants of undercapitalization and failure to fully inform themselves before making business decisions which resulted in the continued insolvency of Debtor. As a result, Defendants' Motion to Dismiss the first cause of action as to those acts occurring prior to March 24, 2012 as time-barred is denied at this stage of the proceeding. Discovery may clarify the nature of the acts as ongoing or discrete.

Defendants also argue that the first cause of action lacks basis in law because there is no legal precedent for undercapitalization as an independent basis for a breach of fiduciary duty claim. Plaintiff responds that undercapitalization is just one of many factors that make up the breach of fiduciary duty asserted in the first cause of action. Plaintiff specifically points to the amended complaint's allegations of corporate waste.

"A claim for breach of the duty of care requires a showing of gross negligence which generally 'requires directors and officers to fail to inform themselves fully and in a deliberate manner.'" *Burtch v. Opus, LLC (In re Opus East, LLC)*, 528 B.R. 30, 66 (Bankr. D. Del. 2015) (citation omitted). "The exact behavior that will constitute gross negligence varies based on the situation." *Official Comm. of Unsecured Creditors of Fedders N. Am. v. Goldman Sachs Credit Partners, L.P. (In re Fedders North America, Inc.)*, 405 B.R. 527, 539 (Bankr. D. Del. 2009). "Simply put, the standard is procedural, rather than substantive. In fact, Delaware law allows a company's board to even make an 'irrational' decision, so long as the decision-making process employed by the board 'was either rational or employed in a *good faith* effort to advance corporate interests.' Thus, directors who make a decision after employing a rational decision-making process and considering the pertinent information will not be liable for a breach of the fiduciary duty of care. Moreover, even upon insolvency, the duty of care to the corporation remains the

same." *Mukamal v. Bakes*, 378 F. App'x. 890, 901-02 (11th Cir. 2010) (applying Delaware law) (internal citations omitted).

With respect to the breach of the duty of care, Plaintiff's amended complaint contains, among other relevant allegations, that Hill, Kamenz, Nice, and Drew "failed to make properly informed management decisions and/or were grossly negligent in their failure to recommend to the owners that an infusion of additional capital was necessary or advisable" [Amended Complaint, ¶ 35], that they "abdicated their duty to be informed and/or were wholly disregarding the financial information to which they had access" [Amended Complaint, ¶ 43], that they were grossly negligent in failing to inform themselves of all material information regarding repayment of insider loans and in creating and utilizing KNH Air Logistics, LLC [Amended Complaint, ¶¶ 97, 98, 111, 112], and that Defendants were grossly negligent in allowing Debtor to continue in insolvency and in failing to inform themselves of all material information reasonably available to them [Amended Complaint, ¶¶ 147, 148, 155]. Additionally, the amended complaint contains numerous allegations relating to corporate waste. Plaintiff has alleged that Defendants have engaged in corporate waste "through insider loans at exorbitant interest rates" [Amended Complaint, ¶ 38; see also ¶ 102], by entering into the sale and lease transactions with Sun Air [Amended Complaint, ¶ 72], by allowing Sun Air to remove assets from Debtor's premises [Amended Complaint, ¶ 87], and by creating and utilizing KNH Air Logistics, LLC [Amended Complaint, ¶ 115]. Plaintiff alleges that this corporate waste contributed to the insolvency and undercapitalization of Debtor and "was the result of exchanges so one sided that no business person of ordinary, sound judgment could conclude that the Debtor received adequate consideration" [Amended Complaint, ¶ 153]. Under Delaware's standard for breach of duty of care, the Court finds that Plaintiff's amended complaint

9

contains sufficient allegations to state a claim for breach of duty of care. Defendants' Motion to Dismiss as to the first cause of action is denied.

### II. Second and Third Causes of Action

The second and third causes of action also contain sufficient allegations to withstand a motion to dismiss. As set forth above, the parties agree that the sale and lease agreements that form the basis for the second and third causes of action were entered into on November 22, 2011. As a result, unless the amended complaint contains sufficient allegations to assert the application of a tolling exception, the second and third causes of action are time-barred.

Defendants argue that Delaware law requires the Court to analyze the applicability of a tolling exception from the perspective of Debtor's shareholders, not its creditors. As a result, Defendants argue, because all of the shareholders of Debtor were also officers and/or directors of Debtor, Plaintiff cannot credibly allege that the alleged wrongful acts were not discoverable by, concealed from, or unknown to the shareholders, precluding the availability of any tolling exception. In support of this argument regarding the proper perspective for analysis of tolling exceptions, Defendants cite *In re Bridgeport Holdings, Inc.*, 388 B.R. 548 (Bankr. D. Del. 2008).

In *Bridgeport Holdings*, pursuant to the terms of a confirmed chapter 11 plan, the trustee of a liquidating trust was assigned all of the debtors' causes of actions, and subsequently commenced an adversary proceeding against officers and directors of the debtors for breaches of fiduciary duties. *Bridgeport Holdings*, 388 B.R. at 553-54. In discussing tolling exceptions to the statute of limitations, the court stated:

> This [fraudulent concealment] tolling exception does not apply if the defendant allegedly conceals facts from a third party. Here the Trust asserts causes of action that are those of [the debtors]; it does not assert creditors' claims. The only acts of concealment or misrepresentations alleged in the Complaint, however, are against [the debtors'] creditors. These allegations cannot toll the statute of limitations on

10

the causes of action asserted in the Complaint, i.e., claims asserted by the successor to the bankrupt estate.

*Id.* at 563. Defendants rely on this language for their argument that the Court should not evaluate the applicability of any tolling exception from the perspective of creditors. However, this language does not support that conclusion.

First, *Bridgeport Holdings* was an adversary proceeding brought by the successor to the debtor companies' causes of action and therefore dealt with direct claims, not derivative claims on behalf of creditors, as are involved here. Additionally, the court did not say that allegations of concealment or misrepresentations against a debtor's creditors could never toll the statute of limitations - the court simply said that in that case, because the claims asserted in the complaint were claims asserted by the successor to the bankruptcy estate, not the creditors, the allegations relating to actions taken against the creditors could not operate to trigger the application of a tolling exception for the plaintiff. *Bridgeport Holdings* does not support Defendants' position.

While it does not appear that Delaware courts have specifically addressed from whose perspective tolling exceptions should be analyzed, it does appear that in practice, Delaware courts have examined such exceptions from creditors' perspectives.[5] In *Marnavi S.p.A. v. Keehan*, 900 F. Supp.2d 377 (D. Del. 2012), cited by Plaintiff in support of her objection to Defendants' Motion to Dismiss, a creditor brought an action against an insolvent corporation and the court analyzed the creditor's tolling arguments from the perspective of the creditor, ultimately finding that no tolling exception applied. *Marnavi*, 900 F. Supp.2d at 395. Similarly, in *Forman v. Kelly Capital,*

---

[5] *See also Bren v. Capital Realty Grp. Senior Hous., Inc.*, 2004 WL 370214 (Del. Ch. Feb. 27, 2004). In *Bren*, the plaintiff was the holder of several notes issued by the defendant partnership. The plaintiff asserted claims against the defendant which included breach of fiduciary duty claims. After finding that one of the plaintiff's claims was time-barred by the applicable statute of limitations in the absence of a tolling exception, the court found that the plaintiff-noteholder did not plead sufficient facts to justify tolling the statute of limitations. Thus, in *Bren*, the court analyzed the tolling exceptions to the statute of limitations from the perspective of a creditor.

*LLC et al. (In re Nat'l Serv. Indus., Inc.)*, 2015 WL 3827003 (Bankr. D. Del. June 19, 2015), an adversary proceeding brought by a chapter 7 trustee against two individuals and several corporate entities with interests in the debtor for fraudulent transfers and breaches of fiduciary duties, the court considered motions to dismiss filed by the defendants. In considering the defendants' arguments that the statute of limitations had expired on the trustee's claims and the possibility of a tolling exception, the court found, with respect to the causes of action for actually fraudulent transfers:

> The Complaint contains facts that are suggestive of the difficulty of reasonable discovery by a creditor of any fraud committed by the Debtor or the Defendants: [the individual defendants] were the only shareholders and board members of the privately held Debtor. . . . Because the Debtor was not a public company, its board resolutions and financial records were not available to creditors. Thus, from the face of the Complaint the Court cannot conclude that the equitable tolling provision does not apply. Therefore, the Court concludes it would be inappropriate to dismiss the Trustee's actually fraudulent transfer claims at this point.

*Nat'l Serv. Indus.*, 2015 WL 3827003, at *8. The court then considered the statute of limitations on the breach of fiduciary duties claims and again found that the complaint alleged sufficient facts for application of the doctrine of equitable tolling because, in part, the complaint alleged that the debtor was a private company and creditors were therefore not aware of the complained-of transactions. *Id.* at *9. The court therefore denied the defendants' motions to dismiss as to the breach of fiduciary duty claims. *Id.*

These cases indicate that because upon insolvency, the creditors become the "principal constituency injured by any fiduciary breaches that diminish the firm's value,"[6] it is proper for the Court to conduct an analysis of a tolling exception from the perspective of creditors. In their briefs, the parties discuss three tolling exceptions under Delaware law: (1) the discovery rule, (2)

---

[6] *N. Am. Catholic Educ. Programming Found. v. Gheewalla*, 930 A.2d 92, 102 (Del. 2007) (quoting *Prod. Res. Grp., LLC v. NCT Grp., Inc.*, 863 A.2d 772, 794 n.67 (Del. Ch. 2004)).

fraudulent concealment, and (3) equitable tolling.  "To survive the motion to dismiss on the basis of a 'tolling exception,' the [trustee] must '[have] plead[ed] facts supporting the applicability of that exception.'"  *Bridgeport Holdings,* 388 B.R. at 562 (citations omitted).  Plaintiff's amended complaint contains sufficient allegations regarding the applicability of a tolling exception, such that it would be inappropriate to dismiss the second and third causes of action.

"Under the 'discovery rule,' the statute is tolled where the injury is 'inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of.'"  *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004).  In such a case, the statute of limitations only begins to run upon the claimant's discovery of facts constituting the basis of the cause of action, or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts.  *Id.* The amended complaint states that the sale and lease agreements were a "disguised lending arrangement and secured transaction," [Amended Complaint, ¶ 59], and that "the true nature of the Sale/Lease Agreement was undiscoverable by the creditors of the Debtor and inherently unknowable as there were no objective factors to put the creditors on notice of injury."  [Amended Complaint, ¶ 65].  Thus, it appears that the amended complaint contains sufficient allegations regarding tolling under the discovery rule that it would be inappropriate to find at this stage that the second and third cause of action are time-barred.

"Under the doctrine of fraudulent concealment, the plaintiff must prove an affirmative act of concealment by the defendant - an 'actual artifice' that prevents a plaintiff from gaining knowledge of the facts or some misrepresentation that is intended to put the plaintiff off the trail of inquiry."  *Bridgeport Holdings,* 388 B.R. at 563 (citations omitted).  To establish fraudulent concealment based on the commission of affirmative acts of misrepresentation, the complaint must

13

"allege [the defendants] had actual knowledge of the wrong and acted affirmatively to conceal the wrong from [the plaintiffs]." *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 186 (D. Del. 2000). In addition to the allegations set forth above, Plaintiff's amended complaint also contains allegations that the sale and lease agreements were "intentionally designed to be a camouflaged transaction which, by its nature, concealed the true nature of transaction from the creditors of the Debtor." [Amended Complaint, ¶ 64]. Thus, Plaintiff's amended complaint also contains sufficient allegations as to the applicability of the tolling exception of fraudulent concealment to withstand Defendants' Motion to Dismiss.

"'Under the theory of equitable tolling, the statute of limitations is tolled for claims of wrongful self-dealing . . . where a plaintiff reasonably relies on the competence and good faith of a fiduciary.'" *Bridgeport Holdings*, 388 B.R. at 563 (quoting *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998)). "Underlying this doctrine is the idea that 'even an attentive and diligent [investor] relying, in complete propriety, upon the good faith of [fiduciaries] may be completely ignorant of transactions that . . . constitute self-interested acts injurious to the [Partnership].' This doctrine tolls the limitations period until an investor knew or had reason to know of the facts constituting the wrong." *Dean Witter P'ship Litig.*, 1998 WL 442456, at *6 (emphasis original). The amended complaint contains numerous allegations of self-dealing or self-interested conduct by Defendants [Amended Complaint, ¶¶ 36, 37, 69, 70, 99, 100, 113]. The amended complaint also states that "[t]he creditors of the Debtor reasonably relied on the good faith of the Defendants in their fiduciary capacities." [Amended Complaint, ¶ 33]. Thus, it appears that the amended complaint contains sufficient allegations regarding equitable tolling to withstand dismissal.

In sum, although it is undisputed that the statute of limitations has expired with respect to the acts complained of in the second and third cause of action and that, if a tolling exception does not apply, the second and third causes of action are time-barred, it appears that the amended complaint contains sufficient allegations relating to these tolling exceptions that it would be inappropriate to dismiss the second and third causes of action at this stage in the proceeding. Defendants' Motion to Dismiss is denied as to the second and third causes of action.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/12/2016**



Entered: 04/12/2016

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina