UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 15-01641-dd |
| | ) | |
| KNH Aviation Services, Inc. d/b/a | ) | Chapter 7 |
| AvCraft Technical Services, | ) | |
| | ) | Adversary Proceeding Nos.: 15-80170-dd |
| Debtor. | ) | |
| | ) | Consolidated With Adv. |
| Michelle L. Vieira as Chapter 7 Trustee | ) | Pro. Nos.: |
| for KNH Aviation Services, Inc. d/b/a | ) | 15-80171-dd |
| AvCraft Technical Services, | ) | 15-80178-dd |
| | ) | 15-80179-dd |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' ANSWER TO AMENDED** |
| Michael Hill; Donald Kamenz; Derek | ) | **COMPLAINT** |
| Nice; Carol Drew; and Jesper Lundberg, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants Michael Hill, Donald Kamenz, Derek Nice, Carol Drew, and

Jesper Lundberg ("Defendants"), by and through undersigned counsel, and responds to

Plaintiff's Amended Complaint filed in Adversary Proceeding 15-80170-dd on January 18, 2016,

(DE 26) as follows:

1.    Admitted.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.     The allegations in Paragraph 7 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

8.     Admitted.

9.     The allegations in Paragraph 9 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

10.     The allegations in Paragraph 10 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

11.     The allegations in Paragraph 11 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

12.     The allegations in Paragraph 12 do not require a response by Defendants.  To the extent a response is required, denied.  Except as expressly admitted, denied.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Denied.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.    Admitted.

27.    Denied.

28.    Denied.

29.    The allegations in Paragraph 29 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

30.    Denied as stated.

31.    The allegations in Paragraph 31 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

32.    The allegations in Paragraph 32 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

33.    The allegations in Paragraph 33 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

34.    Denied as stated.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    The Defendants lack sufficient information to admit or deny the allegations in Paragraph 40 and therefore the same are denied.  To the extent further response is required, denied.  Except as expressly admitted, denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.     Denied.

45.     Denied.

46.     The Equipment Purchase and Leaseback Agreement speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

47.     Denied.

48.     The Corporate Resolution speaks for itself and is the best evidence of its contents. To the extent further response is required, denied.  Except as expressly admitted, denied.

49.      Denied as stated.  By way of further response, the Equipment Purchase and Leaseback Agreement speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

50.     Denied.

51.     The Equipment Lease with Option to Purchase speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

52.     Admitted.

53.     The Equipment Lease with Option to Purchase speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

54.     Denied.

55.     Denied.  By way of further response, the Equipment Lease with Option to Purchase speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

56.     The Meeting Minutes, dated February 23, 2012, speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied as stated.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     The Correspondence, dated March 3, 2015, speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

74.     The Correspondence, dated March 3, 2015, speaks for itself and is the best evidence of its contents.  To the extent further response is required, denied.  Except as expressly admitted, denied.

75.     Denied as stated.

76.     Denied as stated.

77.     The Bankruptcy Schedule speaks for itself and is the best evidence of its contents. To the extent further response is required, denied.  Except as expressly admitted, denied.

78.     Denied.

79.     Denied.

80.     The allegations in Paragraph 80 do not require a response by Defendants.  To the extent a response is required, denied.  Except as expressly admitted, denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied as stated.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied as stated.

93.     Denied.

94.     The Defendants lack sufficient information to admit or deny the allegations in Paragraph 94 and therefore the same are denied.  To the extent further response is required, denied.  Except as expressly admitted, denied.

95.     Denied as stated.

96.     Denied.

97.     Denied.

98.     Denied.

99.     The allegations in Paragraph 99 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Admitted.  By way of further response, KNH Air Logistics compensated KNH Aviation for their use.

105.    Admitted.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Admitted.

117.    Upon information and belief, these assets were disclosed through supplemental filings.

118.    Admitted.

119.    Denied.

120.    Denied as stated.

121.    Denied.

122.    The Defendants lack sufficient information to admit or deny the allegations in Paragraph 122 and therefore the same are denied.  To the extent further response is required, denied.  Except as expressly admitted, denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    The allegations in Paragraph 127 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

128.    The Defendants admit that Debtor operated its business in calendar year 2014 through and until filing for Chapter 7 relief on March 24, 2015.    Except as expressly admitted, denied.

129.    Denied.

130.    Denied.

131.    Denied as stated.    By way of further response, the Hill Transfers referenced in Paragraph 131 speak for themselves and are the best evidence of their contents.    To the extent further response is required, denied.    Except as expressly admitted, denied.

132.    The allegations in Paragraph 132 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

133.    The allegations in Paragraph 133 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

134.    The Defendants admit that Debtor operated its business in calendar year 2014 through and until filing for Chapter 7 relief on March 24, 2015.    Except as expressly admitted, denied.

135.    The Defendants lack sufficient information to admit or deny the allegations in Paragraph 135 and therefore the same are denied.    To the extent further response is required, denied.    Except as expressly admitted, denied.

136.    Denied.

137.    The allegations in Paragraph 137 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

138.    Denied.

139.    The allegations in Paragraph 139 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

140.    The allegations in Paragraph 140 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

141.    Denied as stated.

142.    Admitted.

143.    Admitted.

144.    Denied as stated.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    The allegations in Paragraph 158 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

159.    The allegations in Paragraph 159 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    The allegations in Paragraph 166 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

167.    The allegations in Paragraph 167 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

168.    Denied as stated.

169.    Admitted.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Admitted.

177.     The allegations in Paragraph 177 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

178.     The allegations in Paragraph 178 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

179.     Denied as stated.

180.     Admitted.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Admitted.

189.     Admitted.

190.     Admitted.

191.     The allegations in Paragraph 191 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

192.     The allegations in Paragraph 192 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

193.     The allegations in Paragraph 193 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

194.     Denied as stated.

195.    Admitted.

196.    Denied as stated.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    The allegations in Paragraph 203 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

204.    The allegations in Paragraph 204 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

205.    Denied as stated.

206.    Denied as stated.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied as stated.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    The allegations in Paragraph 218 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

219.    The allegations in Paragraph 219 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

220.    The allegations in Paragraph 220 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

221.    Denied as stated.

222.    Denied.

223.    Denied.

224.    Denied.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    The allegations in Paragraph 230 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

231.    The allegations in Paragraph 231 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

232.    Denied.

233.    Admitted.

234.    Admitted.  By way of further response, KNH Air Logistics compensated KNH Aviation for their use.

235.    Denied.

236.    Denied as stated.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    The allegations in Paragraph 246 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

247.    The allegations in Paragraph 247 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

248.    Denied.

249.    Admitted.

250.    Admitted.  By way of further response, KNH Air Logistics compensated KNH Aviation for their use.

251.    Denied.

252.    Denied as stated.

253.    Denied.

254.    Denied as stated. By way of further response, the Debtor was not capable of generating the same level of profit for performing said services as was KNH Air Logistics due to contractual constraints imposed by the Debtor's clients on the Debtor.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    The allegations in Paragraph 259 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

260.    The allegations in Paragraph 260 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

261.    The allegations in Paragraph 261 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

262.    Denied.

263.    Admitted.

264.    Admitted.    By way of further response, KNH Air Logistics compensated KNH Aviation for their use.

265.    Denied.

266.    Denied as stated.

267.    Denied.

268.    Denied as stated. By way of further response, the Debtor was not capable of generating the same level of profit for performing said services as was KNH Air Logistics due to contractual constraints imposed by the Debtor's clients on the Debtor.

269.    Denied as stated.    By way of further response, the Debtor was not capable of generating the same level of profit for performing said services as was KNH Air Logistics due to contractual constraints imposed by the Debtor's clients on the Debtor.

270.    Denied.

271.    Denied as stated.  By way of further response, the Debtor was not capable of generating the same level of profit for performing said services as was KNH Air Logistics due to contractual constraints imposed by the Debtor's clients on the Debtor.

272.    Denied as stated.  By way of further response, the Debtor was not capable of generating the same level of profit for performing said services as was KNH Air Logistics due to contractual constraints imposed by the Debtor's clients on the Debtor.

273.    Denied.

274.    Denied.

275.    Denied.

276.    The allegations in Paragraph 276 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

277.    The allegations in Paragraph 277 call for a legal conclusion to which no response is possible or required.  To the extent a response is required, denied.  Except as expressly admitted, denied.

278.    Admitted.

279.    Denied as stated.

280.    Denied as stated.

281.    The Defendants lack sufficient information to admit or deny the allegations in Paragraph 281 and therefore the same are denied.  To the extent further response is required, denied.  Except as expressly admitted, denied.

282.    Denied.

283.    Denied.

284.    Denied.

285.    Denied.

286.    Denied.

287.    Denied.

288.    Denied as stated.

289.    Denied as stated.

290.    The allegations in Paragraph 290 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

291.    The allegations in Paragraph 291 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

292.    The allegations in Paragraph 292 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    The allegations in Paragraph 296 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

297.    Denied.

298.    Denied.

299.    Denied as stated.

300.    Denied as stated.

301.    The allegations in Paragraph 301 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

302.    The allegations in Paragraph 302 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

303.    The allegations in Paragraph 303 call for a legal conclusion to which no response is possible or required.    To the extent a response is required, denied.    Except as expressly admitted, denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    The allegations in Paragraph 307 call for a legal conclusion to which no response is possible or required.   To the extent a response is required, denied.   Except as expressly admitted, denied.

308.    Denied.

309.    EXCEPT WHERE EXPRESSLY ADMITTED, THE DEFENDANTS DENY EACH AND EVERY ALLEGATION IN THE AMENDED COMPLAINT, INCLUDING THE PRAYER FOR RELIEF.   THE DEFENDANTS EXPRESSLY RESERVE THE RIGHT TO INTERPOSE ADDITIONAL RESPONSES, ANSWERS, DEFENSES, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS TO THE MAXIMUM EXTENT PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE, AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## FIRST DEFENSE

Defendants plead all applicable statutes of limitation and repose in bar or limitation of Plaintiff's claims.

## SECOND DEFENSE

Defendants plead all equitable defenses, including but not limited to doctrines of laches, waiver, estoppel, and unclean hands in bar or limitation of the Plaintiff's claims and damages to the maximum extend permitted by applicable law.

## THIRD DEFENSE

Defendants plead the application of the Business Judgment Rule in bar or limitation of Plaintiff's claims to the maximum extent permitted by applicable law.

## FOURTH DEFENSE

Defendants plead the application of the rule regarding the right of officers and directors to rely on the advice of counsel and other professionals in bar or limitation of Plaintiff's claims to the maximum extent permitted by applicable law.

## FIFTH DEFENSE

Defendants plead that they did not owe the Debtor's creditors a fiduciary duty under applicable law in bar or limitation of the Plaintiff's claims for breach of fiduciary duty.

### SIXTH DEFENSE

Defendants plead that the transactions at issue were negotiated, structured, and entered in good faith, and the assets conveyed through those transactions were transferred for good, sufficient, reasonably equivalent, and valuable consideration.

### SEVENTH DEFENSE

Defendants plead the exculpatory provisions contained in the Debtor's Bylaws in bar or limitation to Plaintiff's claims to the maximum extent permitted by applicable law.

### EIGHTH DEFENSE

Defendants plead all statutory defenses available under Del. Code Ann. 8 § 101, *et seq.*, in bar or limitation to Plaintiff's claims to the maximum extent permitted by applicable law.

### NINTH DEFENSE

Defendants plead the failure to mitigate or avoid the alleged damages and the doctrine of avoidable consequences in bar or limitation of the Plaintiff's claims and damages to the maximum extent permitted by applicable law, particularly as pertains to claims brought in which the Plaintiff purports to step into the shoes of creditors who failed to protect themselves.

### TENTH DEFENSE

Defendants plead the doctrine of election of remedies in bar or limitation of the Plaintiff's claims to the maximum extent permitted by applicable law.

### ELEVENTH DEFENSE

Defendants plead their right to indemnification from the bankruptcy estate of the Debtor for any damages awarded to the Plaintiff.

### TWELFTH DEFENSE

Defendants plead in bar or limitation of Plaintiff's claims that they did not cause the damage or harm for which the Plaintiff seeks to recover.

### THIRTEENTH DEFENSE

Defendants plead in bar or limitation of Plaintiff's claims that the transfers alleged in the Complaint do not constitute avoidable transfers as defined by 11 U.S.C. § 547(b).

## FOURTEENTH DEFENSE

Defendants plead that the transfers alleged in the Complaint do not concern an interest in the debtor's property as required by 11 U.S.C. § 547(b), in bar or limitation of Plaintiff's claims.

## FIFTEENTH DEFENSE

Defendants plead that the transfers alleged in the Complaint were made to or for the benefit of a creditor as defined in 11 U.S.C. § 547(b)(1), and thus do not constitute voidable transfers, in bar or limitation of Plaintiff's claims.

## SIXTEENTH DEFENSE

Defendants plead all statutory defenses available under 11 U.S.C. § 547(c) in bar or limitation to Plaintiff's claims to the maximum extent permitted by applicable law.

## SEVENTEENTH DEFENSE

Defendants plead that the transfers alleged in the Complaint were contemporaneous exchanges for new value as defined in 11 U.S.C. § 547(c)(1) and thus do not constitute voidable transfers, in bar or limitation of Plaintiff's claims.

## EIGHTEENTH DEFENSE

Defendants plead in bar or limitation of Plaintiff's claims that the transfers alleged in the Complaint were made in the ordinary course of business as defined in 11 U.S.C. § 547(c)(2) and thus do not constitute voidable transfers.

## NINETEENTH DEFENSE

Defendants plead that the obligations to the Defendants were not antecedent debts as defined in 11 U.S.C. § 547 and thus do not constitute voidable transfers, in bar or limitation of Plaintiff's claims.

## TWENTIETH DEFENSE

Defendants plead all statutory defenses available under the, 11 U.S.C. § 550 in bar or limitation to Plaintiff's claims to the maximum extent permitted by applicable law.

## TWENTY-FIRST DEFENSE

Defendants plead the doctrine of unjust enrichment in bar or limitation of the Plaintiff's claims for recovery.

## TWENTY-SECOND DEFENSE

Defendants plead their right to a set-off/credit to the extent that the Plaintiff receives payment by third parties to cover the estate's debt.

WHEREFORE, the Defendants respectfully pray the Court for the following:

1.      That the Plaintiff's Amended Complaint be dismissed in its entirety with prejudice;

2.      That all costs of this action be taxed against the Plaintiff;

3.      That the Plaintiff have and recover nothing from the Defendants;

4.      For a trial by jury of all issues of fact so triable herein; and

5.      For such other relief as the Court deems just and proper.

Respectfully submitted, April 25, 2016.

/s/ Amy H. Wooten
AMY H. WOOTEN
SC Fed Bar # 11445
NC Bar # 39762 / SC Bar # 100128
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
T: 919.719.0854
F: 919.719.0858
amy@brownlawllp.com
*Counsel for Defendants*

GREGORY W. BROWN
NC Bar # 26238 / VA Bar # 36369
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
T: 919.719.0854
F: 919.719.0858
gregory@brownlawllp.com
*Pro Hac Vice Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2016, a copy of the foregoing **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** was filed electronically via the Court's CM/ECF case management system and served on all parties via CM/ECF as follows:

Barbara George Barton
Christine E. Brimm
BARTON LAW FIRM, PA
Post Office Box 12046
Columbia, South Carolina 29211
bbarton@bartonlawsc.com
cbrimm@bartonlawsc.com
*Attorneys for Trustee*

        /s/ Amy H. Wooten
BROWN LAW LLP