**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>KNH Aviation Services, Inc. d/b/a AvCraft Technical Services,<br><br>    Debtor.<br><br>Michelle Vieira, chapter 7 trustee for KNH Aviation Services, Inc. d/b/a AvCraft Technical Services,<br><br>    Plaintiff,<br><br>v.<br><br>Michael Hill, Donald Kamenz, Derek Nice, Carol Drew, and Jesper Lundberg,<br><br>    Defendants. | C/A No. 15-01641-DD<br><br>Adv. Pro. No. 15-80170-DD<br><br>Chapter 7<br><br>**Order** |

This matter is before the Court on a Motion for Summary Judgment filed by Michael Hill, Donald Kamenz, Derek Nice, Carol Drew, and Jesper Lundberg ("Defendants") on January 29, 2017 [Docket No. 65]. Michelle Vieira, chapter 7 trustee, ("Plaintiff") filed an objection to Defendants' Motion for Summary Judgment on March 13, 2017 [Docket No. 88]. Defendants filed a reply to Plaintiff's objection on March 20, 2017 [Docket No. 94]. A hearing was held on May 16, 2017. At the conclusion of the hearing, the Court took the matter under advisement and now issues this order.

**BACKGROUND**

KNH Aviation Services, Inc. d/b/a AvCraft Technical Services ("Debtor") was incorporated under the laws of the State of Delaware on November 30, 2007. Debtor registered with the Secretary of State of South Carolina and qualified to do business in South Carolina on

January 29, 2008. Debtor's primary business was providing maintenance, repair and overhaul services in the airline industry. Debtor began operating in October 2010 in Horry County, South Carolina after it purchased the assets of AvCraft Support Services, Inc. from Maple Bank, GmbH ("Maple Bank").

Debtor is owned 25% by Flying Low LLC, which is owned solely by Michael Hill ("Hill"), 25% by DIK, LLC ("DIK"), which is owned solely by Donald Kamenz ("Kamenz"), and 50% by Consilium Technica, Inc., formerly known as Indaer International, Inc., which is solely owned by Derek Nice ("Nice").

Defendants served as officers and/or directors of Debtor. Mr. Hill was a member of the KNH Aviation Board of Directors during the course of its operations, and also held the position of President and General Manager of KNH Aviation. Mr. Kamenz was a member of the KNH Aviation Board of Directors from October 2010 through March 2015, and also served as KNH Aviation's Executive Vice President during that time. Mr. Nice was a member of the KNH Aviation Board of Directors during the course of its operations, and also served as KNH Aviation's Chief Executive Officer. Ms. Drew was a member of the KNH Aviation Board of Directors from October 2010 through February 5, 2015. Mr. Lundberg joined the KNH Board of Directors in 2011 as the result of a transaction between Debtor and Sun Air of Scandinavia A/S ("Sun Air").

Debtor filed a chapter 7 bankruptcy case on March 24, 2015, and Plaintiff was appointed the chapter 7 trustee for Debtor's case on the same date. Plaintiff commenced this adversary proceeding on September 1, 2015, asserting eleven causes of action against defendants Hill, Kamenz, Nice, and Drew [Docket No. 1]. Plaintiff has twice amended her complaint, most

recently, on January 18, 2016 [Docket No. 26]. The amended complaint adds Lundberg as a defendant and asserts fifteen causes of action against Defendants.[1]

## LEGAL STANDARD

Summary judgment is appropriate when the "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials … show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The role of the judge in deciding summary judgment is "not himself to weigh the evidence … but to determine whether there is a genuine issue for trial." *Anderson,* at 249.

The party requesting summary judgment must demonstrate the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This initial burden requires the moving party to identify those portions of the record that it believes demonstrate the absence of a genuine dispute. *Celotex*, 477 U.S. at 323; *see also Anderson*, 477 U.S. at 249. The nonmoving party must then produce "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed R. Civ. P. 56(e). If the nonmoving party fails to provide evidence supporting an essential element of its case, then the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. The Court must view the facts and draw reasonable inferences in

---

[1] Plaintiff initially commenced three other related adversary proceedings against defendant Hill (Adv. No. 15-80178-dd), defendant Kamenz (Adv. No. 15-80179-dd), and defendant Lundberg (Adv. No. 15-80171-dd). Those proceedings were consolidated with this adversary proceeding on October 22, 2015 [Docket No. 14]. The amended complaint amends and consolidates the pleadings filed in those adversary proceedings.

3

a light most favorable to the non-moving party. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted).

## DISCUSSION

Claims involving fiduciary duties of corporate officers and directors are governed by the laws of the state of incorporation. *In re Infinity Bus. Grp., Inc.,* 497 B.R. 794, 804 (Bankr. D.S.C. 2013) (quoting *Menezes v. WL Ross & Co., LLC*, 392 S.C. 584, 709 S.E.2d 114, 117 (Ct. App. 2011)). Debtor is a Delaware corporation.

**1. Statute of Limitations**

Defendants argue that the First Cause of Action in Plaintiff's amended complaint should be dismissed because any breach of fiduciary duty occurring prior to March 24, 2012 is time-barred, Plaintiff has not alleged any tolling exception applies, and the cause of action lacks a legal basis under Delaware law. The parties agree that the relevant statute of limitations is under Delaware law. As the Court previously discussed in the Order Denying Defendants' Motion to Dismiss [Docket No. 42], a question of fact exists as to whether the conduct complained of was a continuing violation, which began prior to March 24, 2012, but continued after that date.

Defendants argue that the Second and Third Causes of Action in Plaintiff's amended complaint for breach of fiduciary duty arising out of the Sun Air Sale-Leaseback are time-barred by Delaware's three-year statute of limitations. *See* Del. Code Ann. 10 § 8106 (2015). Plaintiff's Amended Complaint asserts that Defendants breached their fiduciary duties of care to Debtor by executing the Sale Agreement and Lease Agreement with Sun Air. Debtor entered into the Sale Agreement and Lease Agreement that form the basis for the Second and Third Causes of Action on November 22, 2011, more than three years prior to the date the complaint was filed. As

4

discussed further in the Order Denying Defendants' Motion to Dismiss, sufficient facts exist that the application of the doctrine of equitable tolling, tolling under the discovery rule, and tolling under the exception of fraudulent concealment may be appropriate. A dispute of fact exists as to whether anyone observing the company would have had no reason to suspect that a portion of the assets were purportedly owned by another entity. While Debtor notified Maple Bank of the transaction, a dispute of fact exists as to whether any other creditors had actual notice or constructive notice of the Sun Air transaction.

Defendants' Motion for Summary Judgment as to the First, Second and Third Causes of Action being barred because of the statute of limitations is denied.

**2. Exculpatory Clause**

Defendants argue that the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action are barred as a matter of law and should be dismissed. These causes of action seek to hold Defendants liable for breaches of their fiduciary duties of care for various reasons.

**(i)    Directors**

Section 102(b)(7) of Title 8 of the Delaware Code provides that a certificate of incorporation may contain a "provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director." The statute allows corporations to include exculpatory clauses protecting directors from personal liability. Debtor's Certificate of Incorporation includes an exculpatory clause patterned on Section 102(b)(7). Therefore, Defendants' duty of care, as directors of the Debtor, and any liability potentially arising from the failure to meet the duty of care, has been statutorily eliminated.

While the Delaware Code does allow for a provision eliminating directors from liability for breaches of their fiduciary duty of care, the statute carves out an exception for actions taken in bad faith. *See* 8 Del. C. § 102(b)(7) ("…provided that such provision shall not eliminate or limit liability of a director: (i) For any breach of the director's duty of loyalty to the corporation or its stockholders; (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law…"). Therefore, while Plaintiff cannot succeed in an action against Defendants for breach of fiduciary duties as directors, a cause of action does exist for acts not in good faith. Summary Judgment is granted to the Defendants, solely in their capacity as directors of the Debtor, as to the First, Second, Third, Fourth Sixth, Eighth, and Eleventh Causes of Action for breaches of their fiduciary duties, except for acts found to be not in good faith.

**(ii)    Officers**

The Delaware Code allows for a provision eliminating directors from liability, but not officers. *See Gantler v. Stephens*, 965 A.2d 695, 709 n.37 (2009) ("Under 8 Del. C. § 102(b)(7), a corporation may adopt a provision in its certificate of incorporation exculpating its directors from monetary liability for an adjudicated breach of their duty of care. Although legislately possible, there currently is no statutory provision authorizing comparable exculpation of corporate officers.").

Defendants Hill, Kamenz and Nice served in some capacity as an officer of the Debtor. Plaintiff argues that the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action apply to the actions of Defendants as officers, and the exculpatory clause does not shield Defendants Hill, Kamenz and Nice from liability for their actions as officers. A question of fact remains as to whether Defendants actions as officers breached their duties of care. Summary Judgment is denied as to Defendants Hill, Kamenz and Nice in their capacity as officers of the

Debtor for the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action. Summary Judgment is granted to Defendants Drew and Lundberg as to the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action, except for acts as directors found to not be in good faith, as discussed above, as they never served as officers of the Debtor.

### (iii)    Issues Not Excluded by Exculpatory Clause

Summary judgment is granted to Defendants Drew and Lundberg as to the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action, except for acts in their capacity as directors found to not be in good faith. Therefore, the only issues remaining as to Defendants Drew and Lundberg regarding the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action are actions in bad faith in their roles as directors.

Summary Judgment is granted to Defendants Hill, Kamenz and Nice as to the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action, except for acts in their capacity as directors found to not be in good faith. Summary Judgment is denied as to Defendants Hill, Kamenz and Nice in their capacity as officers of Debtor for the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action. Therefore, the issues remaining as to Defendants Hill, Kamenz and Nice regarding the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action are actions in bad faith in their roles as directors, and breaches of their fiduciary duties in their roles as officers of Debtor.

### 3.    First Cause of Action—Undercapitalization

Defendants argue there is no genuine issue of material fact that Defendants did not breach their fiduciary duties of care in connection with the capitalization of Debtor. Plaintiff alleges Hill, Kamenz, Nice and Drew ("Original Directors"), breached their fiduciary duties at the initial

7

capitalization of the company by not fully informing themselves of material information and by following a careless process, and the breaches of duty continued throughout Debtor's existence.

Defendants argue the evidence shows that Debtor was properly and adequately capitalized at its inception, had sufficient cash flow to sustain operations, and that Original Directors acted with due care in capitalizing Debtor. Plaintiff has pointed to evidence in the record that creates a question of fact as to the undercapitalization of Debtor, including testimony from Mr. Hill's Rule 2004 examination, and testimony from depositions of the Original Directors. As a question of fact exists regarding the capitalization of Debtor, summary judgment is denied as to the First Cause of Action, subject to the discussion above regarding the exculpatory clause defense.

### 4. Second and Third Causes of Action—Sun Air Transaction

The Second and Third Causes of Action allege breaches of fiduciary duties regarding the Sale/Leaseback transaction between Debtor and Sun Air. Defendants argue the evidence demonstrates that the Original Directors acted with due care in entering the Sale-Leaseback Agreement with Sun Air. The Original Directors argue they identified short-term cash flow issues and sought a loan from Sun Air, but Sun Air countered by proposing to structure the financing as a loan and a sale-leaseback. Defendants argue the Original Directors expressly selected equipment related to an aircraft that was becoming obsolete, in order to minimize the potential risk to Debtor. Further, Defendants argue the Original Directors made "deliberate efforts to fully inform themselves as to the goals and material terms of the Sale-Leaseback Agreement before committing KNH Aviation to that Agreement."

Plaintiff argues the decision-making process of Defendants was grossly negligent and generally uninformed. Plaintiff points to testimony from Carol Drew, that "she had no knowledge

8

of the value of the tooling and equipment that was being sold and leased through the Sale/Leaseback, that she did not even ask, and that it was not important to her." Further, Plaintiff points to testimony from Mr. Hill, that "he was concerned about getting money in the short term, and agreed to the deal even though he did not believe that the buyback portion was fair." The testimony presented creates a question of fact as to whether the Original Directors breached their fiduciary duties in connection with the Sun Air transaction as directors acting in bad faith, or as officers.

Plaintiff further argues that Mr. Hill acted in bad faith during negotiations with Sun Air as a result of his relationship with Jesper Lundberg, an executive with Sun Air. Mr. Hill was the one who was primarily negotiating with Sun Air on behalf of Debtor, with one of the primary contacts for Sun Air being Mr. Lundberg. Around the same time that the Sun Air transaction was being negotiated, Mr. Hill and Mr. Lundberg began a separate business venture together, which was not disclosed to Mr. Drew, Mr. Kamenz, or Ms. Nice. These facts, in the light most favorable to the non-moving party, Plaintiff, create a question of fact as to whether Mr. Hill was acting in bad faith while negotiating with Sun Air.

Summary judgment is denied as to the Second and Third Causes of Action, subject to the discussion above regarding the exculpatory clause defense.

**5. Fourth and Fifth Causes of Action—Retrieval of Sun Air Assets**

The Fourth and Fifth Causes of Action allege breaches of fiduciary duties of care and loyalty by Mr. Hill and Mr. Lundberg with regard to Sun Air's removal of equipment from Debtor's premises prior to Debtor filing for bankruptcy.

Mr. Hill and Mr. Lundberg argue Plaintiff has failed to adduce evidence that Hill and Lundberg breached their fiduciary duties in connection with Sun Air's removal of assets located at Debtor's leased premises. Defendants argue they relied on Mr. Hill, as the director on site, to coordinate with KNH Aviation's bankruptcy counsel Rick Mendoza. Mr. Mendoza drafted letters to Sun Air informing them of the impending eviction and of the need to either cover the rental costs of the hangers to enable KNH Aviation to avoid eviction or to remove their equipment to prevent it from being seized. Mr. Hill argues he sent to the letter upon the advice of counsel via email to Mr. Lundberg for delivery to Sun Air's CEO, Niels Sundberg. Two days prior to the filing of KNH Aviation's bankruptcy petition, Sun Air retrieved a portion of the assets it had allegedly purchased from KNH Aviation. Mr. Lundberg argues he was not involved in the decision to the send the letter to Sun Air or in Sun Air's subsequent decision to remove the equipment.

Plaintiff argues Debtor's board never discussed what to do about the equipment that was the subject of the Sale/Leaseback with Sun Air, and the other directors were not aware that Mr. Hill was in contact with Sun Air about retrieving the equipment. Plaintiff points to Mr. Mendoza recalling having at least one or two discussions where he discussed the possibility that Sun Air's ownership interest in the equipment might be recharacterized to allow Debtor to retain the equipment, which Mr. Hill did not share with the other directors. Plaintiff argues an inference can be drawn that Mr. Hill consciously disregarded Mr. Mendoza's advice because he was more concerned about making sure that Sun Air was protected, due to his side relationships with Lundberg and Sun Air.

Plaintiff argues that upon Sun Air receiving the letter from Mr. Hill, which was sent from Mr. Hill to Mr. Lundberg, about retrieving the equipment Mr. Lundberg acted solely to protect the interests of Sun Air and did not do anything in his capacity as a board member of Debtor to evaluate

10

the facts and circumstances from the perspective of Debtor. Plaintiff argues Mr. Lundberg's failure to take action to determine if it was in the Debtor's interest for Sun Air to retrieve the equipment is a breach of his duty of loyalty.

These facts, in the light most favorable to Plaintiff, create a question of fact as to whether Mr. Hill and Mr. Lundberg were acting in bad faith and disloyal to Debtor. As discussed above, the exculpatory clause protects directors from claims for breaches of fiduciary duties of care, other than actions taken in bad faith. Summary judgment is denied to Mr. Lundberg and Mr. Hill as to the Fourth Cause of Action, as the causes of action allege actions taken in bad faith. Summary judgment to Mr. Hill and Mr. Lundberg as to the Fifth Cause of Action is denied, because the exculpatory clause does not protect against breaches of the duty of loyalty and questions of fact remain.

### 6. Sixth and Seventh Causes of Action—Insider Advances

The Sixth and Seventh Causes of Action allege breaches of fiduciary duties of care and loyalty in repaying what the Plaintiff considers insider advances (Defendants view the transactions as account receivable purchases) at a time when the company was insolvent and the non-insider creditors were not being paid.

Defendants argue that in 2013 and 2014 Debtor occasionally found itself in need of short-term bridge funding while it worked to collect accounts receivable. The owners/directors agreed to infuse money into the company through the purchase of account receivables ("AR Purchases"). From February 2012 through January 2015, insiders made a total of twenty-eight AR Purchases. Defendants argue the AR Purchases were true purchases of accounts receivable. Defendants argue that at all times, the purchasers believed they had purchased Debtor's AR rather than making a

11

loan to the company. Defendants argue Plaintiff has adduced no evidence to suggest that Defendants acted with gross negligence in making the AR Purchases.

Plaintiff argues that whether each insider advance was a true purchase of a receivable is a question of fact. Plaintiff also argues that Defendants fail to address the repayment of the advances by Debtor, which is the action Plaintiff argues constitutes the breach of duty, not the actual purchase. Plaintiff points to evidence that Defendants gained personally with the repayment of the Insider Advances by receiving interest a high rate and fees on top of the amount advanced. Further, Plaintiff highlights that the insiders were repaid on 100% of their AR Purchases, while non-insiders who also purchased AR were not repaid. Plaintiffs argue that had the insiders not been paid, those payments could have gone to the non-insider creditors and the non-insider creditor debt would not have increased at the rate it did.

The facts and evidence presented create a question of fact as to whether the Defendants breached their fiduciary duties in repaying insiders while non-insider creditors went unpaid. Further, a question of fact exists as to whether the transactions in question were true purchases of accounts receivable or disguised loans. Summary judgment is denied as to the Sixth and Seventh Causes of Action, subject to the discussion above regarding the exculpatory clause defense.

**7. KNH Air Logistics—Eighth, Ninth, and Tenth Causes of Acton**

Debtor offered its customers a "teardown" service. Pursuant to teardown contracts, Debtor dismantled a customer's aircraft, removed specified parts from the hull, certified and shipped those specific parts back to the customer, and disposed of the hull at the customer's direction. Usually, the remaining hull was sold as scrap. (Hill Dep., 245:21-246:9; Nice Dep., 94:19-95:1.). Some minor parts remained on the hull after the teardown.

Defendants identified an opportunity to develop an additional revenue stream for KNH Aviation by purchasing and removing the minor parts for resale. However, Debtor's contracts with many customers capped profit margins for resale parts at 10% of the price Debtor paid for the part. Debtor purchased these parts at a significant discount as part of the hull teardown, so, the 10% contractual cap on margins prevented Debtor from earning significant profits on the parts.

The owners of Debtor created a limited liability company, called KNH Air Logistics, LLC, in August 2012 to avoid the barriers to higher profit margins on the minor parts. Air Logistics acquired the hulls at scrap metal prices and paid Debtor's employees to remove and certify the parts. Air Logistics would then sell the parts to Debtor for a fair market price, and Debtor would then sell the part to a parts purchaser at fair market value, plus the allowed 10% margin. Debtor was able to earn more profit by reselling the parts at 10% above the fair market value, as opposed to 10% above the scrap value. The arrangement between Air Logistics and Debtor allowed Debtor to have a supply of parts on-site, which allowed Debtor to more quickly complete repair contracts.

In her Eighth, Ninth, and Tenth Causes of Action, Plaintiff alleges that Defendants Hill, Kamenz, Nice, and Drew breached their fiduciary duties of care and loyalty to Debtor by creating Air Logistics. Plaintiff argues, because Jesper Lundberg, who was a director at the time that Air Logistics was created, and was the only director without a financial interest in Air Logistics, had no knowledge of the creation of Air Logistics that the remaining directors breached their duties of care by concealing their self-dealing. Plaintiff argues, because Debtor could have removed the minor parts itself, the directors had a self-interest in Air Logistics that competed with the interests of the Debtor and took a corporate opportunity for themselves.

Plaintiff has failed to show any damage caused to Debtor by the creation of Logistics. Plaintiff points to Defendants' expert who agrees that $16,000 was paid from Debtor to Logistics

as evidence of damages. However, this fails to take into account Debtor selling the parts purchased from Air Logistics for significantly more than it would have been able to sell them for had it purchased the scrap hull and removed the parts itself. Further, Air Logistics' tax returns show Air Logistics never made a profit, and the owners never drew compensation from the company. Without proof of damage, Plaintiff cannot prevail on the Eighth, Ninth, and Tenth Causes of Action. Summary Judgment is granted to Defendants on the Eighth, Ninth, and Tenth Causes of Action.

### 8. Hill's Removal of Assets—Eleventh Cause of Action

Just prior to filing bankruptcy, Horry County, who Debtor leased airplane hangars from, was threatening to evict Debtor on March 22, 2015. Due to the impending eviction, Mr. Hill believed that any assets remaining in the hangar would be seized by Horry County. To prevent Horry County from seizing Debtor's assets Mr. Hill relocated the assets to his garage. Debtor subsequently filed bankruptcy on March 24, 2015. The assets stored in Mr. Hill's garage were not listed on the original bankruptcy schedules. Mr. Hill informed Debtor's bankruptcy attorney, Mr. Mendoza, about the assets in his garage and Mr. Mendoza informed Plaintiff that the assets were in Mr. Hill's garage. Mr. Hill cooperated with Plaintiff and did not prevent Plaintiff from retrieving the assets. Plaintiff retrieved all of the assets and does not contend that any of the identified assets are missing or are not accounted for.

Plaintiff alleges that Mr. Hill removed the items from Debtor's facilities acting in his own self-interest and violated his fiduciary duty of care by relocating and storing the assets at his personal residence. Without proof of damages, Plaintiff cannot prevail on the Eleventh Cause of Action. Plaintiff was able to retrieve all of the assets being stored in Mr. Hill's garage. Therefore, Plaintiff has failed to establish evidence of damages resulting from Mr. Hill's removal of the assets

from Debtor's hangar. Summary Judgment is granted to Defendant Hill on the Eleventh Cause of Action.

### 9. Preference Actions—Twelfth, Thirteenth, Fourteenth, Fifteenth Causes of Action

The Twelfth and Thirteenth Causes of Action seek to avoid and recover preferential transfers to Defendant Hill. The Fourteenth and Fifteenth Causes of Action seek to avoid and recover preferential transfers to Defendant Kamenz.

Defendant Hill argues the reimbursements made to him during the preference period were made in the ordinary course of Debtor's business and are thus precluded from avoidance. Plaintiff argues the evidence shows that Hill submitted very old expenses, which were incurred in 2012, for reimbursement during the preference period. Plaintiff further argues there is an inference that how expense reimbursements were repaid during the preference period was another instance of self-dealing by Mr. Hill to try to avoid a preference claim. The evidence creates a question of fact as to whether the expenses repaid during the preference period were repaid in the ordinary course of business. Summary judgment is denied.

Defendants Hill and Kamenz assert "new value" and ordinary course of business defenses to the repayment of AR Purchases/insider advances during the preference period. As Plaintiff points out, whether there was a true purchase of receivables is a question of fact. As Defendants Hill and Kamenz rely on there being a true purchase of receivables, and that is a question of fact, summary judgment cannot be granted on this basis. Summary judgment is denied.

### **CONCLUSION**

Defendants' Motion for Summary is denied in part, and granted in part as follows:

1. Defendants' Motion for Summary Judgment as to the First, Second and Third causes of action being barred because of the statute of limitations is denied.

2. Summary judgment is granted to Defendants, solely in their capacity as directors of Debtor, as to the First, Second, Third, Fourth Sixth, Eighth, and Eleventh Causes of Action, except for acts found to be not in good faith.
3. Summary judgment is denied to Defendants Hill, Kamenz and Nice in their capacity as officers of Debtor, as to the First, Second, Third, Fourth, Sixth, Eighth, and Eleventh Causes of Action.
4. Summary judgment is denied to Mr. Lundberg and Mr. Hill as to the Fourth Cause of Action.
5. Summary judgment is denied to Mr. Lundberg and Mr. Hill as to the Fifth Cause of Action.
6. Summary judgment is denied to Defendants as to the Sixth and Seventh Causes of Action, subject to the discussion above regarding the exculpatory clause defense.
7. Summary Judgment is granted to Defendants as to the Eighth, Ninth, and Tenth Causes of Action.
8. Summary Judgment is granted to Defendant Hill as to the Eleventh Cause of Action.
9. Summary judgment is denied as to the Twelfth, Thirteenth, Fourteenth and Fifteenth Causes of Action.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**06/02/2017**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 06/02/2017